AOC-105
Rev. 1-07
Page 1 of 1

CASE NO. _*15C 582*_

Grant District Court

Commonwealth of Kentucky
Court of Justice
CR 4.02 CR Official Form 1

**CIVIL SUMMONS**

Grant County
Division _____

DAVID J FEILER

**PLAINTIFF**

v.

LVNV FUNDING, LLC

**DEFENDANT**

Serve: LVNV Funding, LLC
   c/o Corporation Service Company
   2711 Centerville Road, Suite 400
   Wilmington, DE 19808

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

  You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

  The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: October *9* , 2015   By: _____ , Clerk
                    _____ D.C.

**Proof of Service**

This summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

This _____ day of _____, 20____.

                Served by: _____

                     _____ Title

Commonwealth of Kentucky
Grant District Court
Case No. __15C 582__
Div. _____



David J. Feiler                                                                    PLAINTIFF

v.

**COMPLAINT**                                                                   DEFENDANT

LVNV Funding, LLC
Serve:

      Corporation Service Company
      2711 Centerville Road
      Suite 400
      Wilmington, DE 19808

\*     \*     \*     \*     \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.      Defendant LVNV Funding, LLC ("LVNV") filed suit against Mr. Feiler on June 8, 2015 in Fayette County, Kentucky in an attempt to collect a debt he allegedly originally owed to Washington Mutual Bank ("Wamu"). At the time it was filed, LVNV's suit was time-barred by the applicable statute of limitations. These and other acts violate the FDCPA.

### PARTIES

3.      Plaintiff David J. Feiler is a natural person who resides in Grant County, Ky. Mr. Feiler is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting

Street, Suite #206, Charleston, SC 29401-3187.

5.      LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). LVNV is also a furnisher of information within the meaning of the FCRA.

### BACKGROUND

6.      On June 8, 2015, LVNV filed suit against Mr. Feiler in the Grant Circuit Court of Grant County, Kentucky under case number 15-CI-00203 to collect a charged-off credit card debt originated by Wamu.

7.      Upon information and belief, the Wamu credit card account was used solely for personal, family, and/or household purposes, which makes the Wamu credit card debt a "debt" within the meaning of the FDCPA.

8.      Washington Mutual Bank headquarters were located in the state of Washington.

9.      The statute of limitations for the collection of credit card debt under Washington law is six years from the date the creditor's cause of action accrued. RCW 4.16.040.

10.     The statute of limitations for the collection of credit card debt under Kentucky law is five years. *See Conway v. Portfolio Recovery Assocs.*, LLC, 13 F. Supp. 3d 711, 715 (E.D. Ky. 2014); *Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 972 (E.D. Ky. 2014).

11.     The last payment on the Wamu account was made on June 4, 2007.

12.     Wamu's cause of action on the credit card account at issue and against Mr. Feiler occurred no later than July 2007, when the next payment was due on the account.

13.     Any right that LVNV has against Mr. Feiler on the Wamu credit card debt derives from Wamu.

14.     So LVNV's cause of action against Mr. Feiler accrued no later than June 2007.

15.    Consequently, LVNV filed suit against Mr. Feiler almost eight years after its cause of action against Mr. Feiler accrued.

16.    So LVNV.'s complaint against Mr. Feiler is barred by the applicable statute of limitations.

17.    Filing suit on a time-barred debt violates the FDCPA. *See e.g. Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987) (violations of sections 1692f and 1692e where debt collector brought suit on time-barred debt); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Jenkins v. Gen. Collection Co.*, 538 F. Supp. 2d 1165, 1172 (D. Neb. 2012); *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302-03 (E.D.N.Y. 2008); *Dunaway v. JBC Assocs., Inc.*, 2005 WL 1529574, at *4 (E.D. Mich. June 20, 2005); *Goins v. JBC & Assocs. P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000); *Lashbrook v. Portfolio Recovery Assocs., LLC*, 2013 WL 4604281, at *8 (E.D. Mich. Aug. 29, 2013).

## Claims for Relief: Violations of the Fair Debt Collection Practices Act

18.    The foregoing acts and omissions by LVNV Funding, LLC constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute by filing suit against Mr. Feiler to collect a debt that was barred by the applicable statute of limitations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff David J. Feiler requests that the Court grant him the following relief:

1.    Award Plaintiff actual damages;

-3-

2.    Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.    Award Plaintiff reasonable attorney's fees and costs;

4.    A trial by jury; and

5.    Such other relief as may be just and proper.

Respectfully submitted,

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com

-4-